FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 01 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01402-BNB

QUINN MCKENZIE JEBE,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Quinn McKenzie Jebe, is a prisoner in the custody of the Colorado Department of Corrections who is currently incarcerated at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. Mr. Jebe has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and/or 28 U.S.C. § 2255, in which he challenges the execution of his state sentence.

The Court must construe the habeas corpus application liberally because Mr. Jebe is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Jebe will be ordered to file an amended application.

The Court has reviewed the application and finds that it is deficient because Mr. Jebe is challenging the execution of his state sentence rather than the validity of his state court conviction and sentence. As a result, the claims he is raising properly are

asserted pursuant to 28 U.S.C. § 2241 rather than § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Although Mr. Jebe has been convicted on counterfeiting charges in this Court, *see United States v. Jebe*, No. 10-cr-00513-PAB-01 (D. Colo. Mar. 29, 2011), he is not challenging his federal conviction in the instant action and, therefore, this action is not a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Because Mr. Jebe has not filed an application for a writ of habeas corpus pursuant to § 2241, he will be ordered to file an amended application on the proper, Court-approved form if he wishes to pursue his claims in this action. Mr. Jebe is advised that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Mr. Jebe also is advised that he must identify clearly the specific constitutional claims he intends to pursue and he must allege specific facts in support of those claims. Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Accordingly, it is

ORDERED that Applicant, Quinn McKenzie Jebe, file **within thirty (30) days from the date of this order** an amended habeas corpus application on the proper 28 U.S.C. § 2241 form that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Jebe shall obtain the Court-approved form for

filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Jebe fails to comply with this order within the time allowed, the application will be denied and the action will be dismissed without further notice.

DATED August 1, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01402-BNB

Quinn McKenzie Jebe
Prisoner No. 132709
Cheyenne Mountain Re-Entry Center
2925 E Las Vegas St
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 1, 2011.

                                             GREGORY C. LANGHAM, CLERK

                                             By: _____
                                                            Deputy Clerk