IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01402-BNB

QUINN MCKENZIE JEBE,

    Applicant,

v.

TOM CLEMENTS, Executive Director of the Colorado Department of Corrections, and
EMILY BOND, Warden of the Cheyenne Mountain Re-Entry Center,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 8 2011

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Quinn McKenzie Jebe, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. Mr. Jebe has filed *pro se* a second amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *See* ECF No. 11. ECF No. 11 is an example of the convention the Court will use to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). The Court will use this convention throughout this order. Mr. Jebe has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

On August 15, 2011, Magistrate Judge Boyd N. Boland ordered Respondents to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On September 6, 2011, Respondent Tom Clements filed a preliminary response. Mr. Jebe has failed to file a reply, although he was provided the opportunity to do so.

The Court must construe Mr. Jebe's filings liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the second amended application will be denied.

Mr. Jebe asserts that he was convicted of a class-four felony and subsequently sentenced to the DOC for four years, followed by a three-year term of mandatory parole. He further asserts that on December 15, 2008, the Colorado State Board of Parole granted his release to mandatory parole supervision. He alleges that, despite his release to parole, the DOC Division of Time Computation did not begin to account for his time on mandatory parole until August 10, 2009. As a result, he argues that he is entitled to immediate release from DOC custody due to the DOC's erroneous calculation of his time served on mandatory parole.

Respondent Mr. Clements argues that Mr. Jebe's claims are not exhausted. Mr. Jebe must exhaust state court remedies before he may pursue his claims in a habeas corpus action in this Court. See *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner seeking habeas corpus relief in federal court bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondent specifically argues that Mr. Jebe has not exhausted state remedies because he could have, but has not, raised the issue regarding proper calculation of his sentence in the Colorado courts in a petition for a writ of habeas corpus and/or a petition for writ of mandamus. Respondent's counsel alleges that she has reviewed the Colorado State Court Data Access database, which is the Colorado court's official database containing records of all cases filed in the Colorado courts. Counsel for Respondent found two Colorado state court civil actions in which Mr. Jebe filed a

petition for a writ of habeas corpus. In the first, Mr. Jebe filed a habeas corpus petition in Lincoln County District Court Case No. 09CV47 on August 18, 2009. *See* ECF No. 20 (pre-answer response), ex. A. In the petition, Mr. Jebe alleged that he was being wrongfully incarcerated beyond his mandatory release date because of a miscalculation with regard to his earned-time credits. He alleged that the miscalculation resulted from an expunged disciplinary conviction. Therefore, No. 09CV47 is not the same claim as is presented in the second amended application.

In the second civil action, Mr. Jebe filed a habeas corpus petition in Bent County District Court Case No. 10CV20 on March 25, 2010. *See* ECF No. 20 (pre-answer response), ex. B. In this petition, Mr. Jebe argued that he should be released from custody because certain procedures were not followed with regard to his parole revocation. Therefore, No. 10CV20 is not the same claim as is presented in the second amended application.

In the second amended application, Mr. Jebe contends he should not be required to exhaust state court remedies. *See* ECF No. 11 at 13. He also contends he "did attempt" to exhaust state remedies by filing a "Motion to Correct Illegal Sentence Pursuant to Colo.R.Crim.P. 35(c)," which the trial court dismissed. *See id.*

State remedies are not exhausted until the highest state appellate court has had the opportunity to consider the merits of each claim a prisoner presents in federal court. "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" ***Woodford v. Ngo***, 548 U.S. 81, 92

(2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Mr. Jebe did not appeal the district court's dismissal of his motion. Therefore, he failed to exhaust state court remedies prior to filing this habeas corpus action with the Court. Therefore, the second amended application will be denied and the action dismissed for failure to exhaust state court remedies prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the second amended application is denied and the action dismissed without prejudice for failure to exhaust state court remedies before seeking federal court intervention. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  28th  day of   October  , 2011.

BY THE COURT:


   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 11-cv-01402-BNB

Quinn McKenzie Jebe
Prisoner No. 132709
Cheyenne Mountain Re-Entry Center
2925 E Las Vegas St
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on October 28, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk